461 P.2d 91

**STATE of Arizona, Appellee,**

v.

**Claudell SEARS, Appellant.**

**No. 1 CA–CR 227.**

Court of Appeals of Arizona,
Division 1.
Department A.
Nov. 18, 1969.

---

Gary K. Nelson, Atty. Gen., Phoenix, for appellee.

Claudell Sears, in pro. per.

CAMERON, Judge.

This is an appeal from a judgment of guilty to the crime of illegal possession of heroin, a felony (§ 36–1002 A.R.S., as amended, 1961), and from a sentence of not less than five years nor more than five years and one day.

We are called upon to review the record for fundamental error pursuant to A.R.S. § 13–1715, subsec. B.

On 9 August 1967 the defendant was charged in a criminal complaint with the possession of a narcotic drug, to-wit: heroin, in violation of § 36–1002, as amended, 1961. A preliminary hearing was held at which time the defendant was represented by retained counsel. On 8 December 1967, defendant was held to answer and admitted to bail. An information together with an allegation of a prior felony conviction was timely filed in the Superior Court. A plea of not guilty was entered together with a waiver of the 60-day trial period.

After various preliminary motions, including a motion for appointment of counsel due to defendant's indigency which was granted and his former retained counsel was appointed to represent him, the matter came on for oral argument and trial on 10 December 1968. At that time the court heard four motions previously filed 15 August 1968:

(1) motion to produce evidence favorable to the accused;

(2) motion to suppress oral statements;

(3) motion to produce the identity of the informers;

(4) motion to suppress search warrant.

The trial court granted the motion to produce evidence favorable to the accused, finding at the same time that the County Attorney had complied with the requirements of the motion. The court also granted the motion to suppress the testimony of one of the State's witnesses but denied motions to suppress as to other witnesses. The court denied the other two motions at which time the defendant entered a plea of guilty to the crime as charged and the County Attorney withdrew the allegation of prior conviction. The reporter's transcript reads as follows:

"MR. PEARLMAN: If your Honor please, * * * the State would dismiss the allegation of a prior conviction in this matter.

"MR. HOOPER: At this time, the Defendant would like to change his plea from not guilty to guilty, on the basis that it is our understanding that, upon sentencing, the Defendant will receive some time for probationary period to be determined.

"THE COURT: Mr. Hooper, the Court would not accept a plea based on a promise of probation at this time. And, I don't want to let the record be confused in any respect that a plea is made on the basis of a promise.

\*     \*     \*     \*     \*     \*

"THE COURT: You have discussed this with your counsel, Mr. Sears?

"THE WITNESS: Yes, sir.

"THE COURT: And, you do want to change your plea to guilty?

"THE WITNESS: Yes.

"THE COURT: This is entirely voluntary on your part?

"THE WITNESS: Yes.

"THE COURT: And, it is not made on the basis of any promise, or coercion to induce you to do so? You understand that by pleading guilty, there will be no trial by jury. We will set a time for sentencing, and the Court will give such sentence as it deems appropriate in light of all the circumstances and recommendations and so forth that we have been talking about. Do you understand all that?

"THE WITNESS: Yes, sir.

"THE COURT: And, as I said before, it is not based on any promise that certain things will happen that causes you to believe that certain things will happen, is that right?

"THE WITNESS: Yes.

"THE COURT: You understand that it is up to the descretion (sic) of the Court in fixing a sentence?

"THE WITNESS: Yes.

"THE COURT: Very well. There will be a finding that the Defendant's plea, which is a plea of not guilty, is withdrawn, and he now enters a plea of guilty, that the same is made voluntarily, knowingly, and intelligently, and after discussion with his counsel."

The defendant was sentenced to five years in the State Prison which sentence was vacated and he was resentenced on 5 February 1969 to a term of five years or not more than five years and one day. The minute entries contained the following notation:

"LET THE RECORD SHOW that the defendant is informed by the Court that he has a right to appeal and that if he cannot afford an attorney, one will be furnished to him. The defendant states that he understands."

The record on appeal was filed in this Court on 23 June 1969. The defendant was notified and granted to and including 22 August 1969 to file his opening brief. The defendant did not request an attorney on appeal or file an opening brief, and this Court on 16 September issued an order which read in part as follows:

"IT IS ORDERED extending the time for the filing of the opening brief or for the preparation and submission of statements as to the reasons that this cause should be reversed to and including 30 October 1969. Rule 21(a) of the Rules of the Arizona Supreme Court, which Rule applies to the Court of Appeals as specified by Rule 47 of the Rules of the Arizona Supreme Court, authorizes the Court of Appeals to dismiss the appeal on the Court's own motion in the event that the 'appellant does not prosecute' his appeal. In the event that Claudell Sears does not file his opening brief or does not present his statements of the reasons why this matter should be reversed, presenting the same to the Court of Appeals on or before 30 October 1969, the Court will undertake an examination of the record pursuant to A.R.S. § 13–1715(B)."

No response was forthcoming from defendant. We have therefore reviewed the record for fundamental error as required by our statute. A.R.S. § 13–1715, subsec. B. A review of the record indicates there is no error.

Judgment affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.